IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JASON DODD,

                Plaintiff,                        OPINION AND ORDER

    v.

                                                        17-cv-569-wmc

DR. SALEM SYED,

                Defendant.

*Pro se* plaintiff Jason Dodd is proceeding to trial against Dr. Salem Syed on an Eighth Amendment deliberate indifference claim, challenging the manner in which Dr. Syed treated Dodd's broken hand in 2015 and 2016. On September 18, 2020, the court is holding a videoconference hearing to address (1) defendant's exhaustion affirmative defense, and (2) pretrial issues. In advance of that hearing, the court issues the following opinion and order with respect to defendant's motions *in limine*, Dodd's pre-trial disclosures, and related matters. The court also intends to circulate the proposed orientation remarks and voir dire, jury instructions and special verdict in advance of that hearing.

OPINION

I. Defendant's Motions in Limine (dkt. #98)

    A. Exclude reference to details of other legal proceedings or inmate complaints involving defendant Syed or Syed's personnel file

Defendant seeks an order excluding reference to the details of other legal proceedings or inmate complaints involving defendant or defendant's personnel file and work history. Defendant's position is that this evidence is irrelevant; and even if relevant,

it would be unfairly prejudicial, tend to confuse the jury and waste time during trial. Additionally, defendant argues that evidence that defendant wronged inmates in the past is inadmissible under Federal Rule of Evidence 404, unless such evidence would be admissible under Rule 404(b), to show his "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

Dodd has not attempted to show that inmate complaints or lawsuit involving Dr. Syed or his personnel file would be admissible for any of the specific purposes listed in Rule 404(b). Instead, Dodd argues that he should be able to submit evidence of other inmate complaints or lawsuits involving Dr. Syed, as "extremely relevant," and because being deliberately indifferent to prisoner's medical needs is his modus operandi.

The Seventh Circuit has adopted a four-part test to determine whether "other acts" evidence is admissible under Rule 404:

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610-11 (7th Cir. 2011). Unfortunately for Dodd, his arguments in opposition do not begin to satisfy this test.

Even assuming Dodd has evidence of other lawsuits or complaints against Dr. Syed to establish his general intent to mistreat prisoners, Dodd does not provide an example of another lawsuit or complaint involving Dr. Syed that is comparable to his own experience. Instead, Dodd's focus is on the fact that between 2015 and 2017, Dr. Syed was named in

334 inmate complaints with "similar" or "identical" issues. (Dkt. #109, at 3.) Nor does Dodd elaborate on the details of any of those other complaints or lawsuits; in other words, he does not provide a reason for the court to agree that Dr. Syed's actions in other complaints or lawsuits were in any way comparable to his handling of Dodd's need for medical care in 2015 and 2016. Thus, it would appear that Dodd's only purpose in admitting evidence of complaints against Syed is to prove his propensity to mistreat prisoners and cast him in a negative light, which is exactly what Rule 404 prohibits.

As a result, the court agrees that Dodd may not introduce evidence about the number of times Dr. Syed has been sued (as a DOC employee or otherwise), or the number of inmate complaints involving Dr. Syed. Additionally, since Dodd does not suggest that he intends to submit evidence of Dr. Syed's personnel file, that evidence will be excluded as well. However, given the possibility that Dodd may still be able to come forward with a more focused proffer of evidence that might satisfy the four requirements for admissibility under Rule 404(b), the court will RESERVE on whether Dodd is completely precluded from admitting evidence of *any* lawsuits or inmate complaints in which Dr. Syed was actually found liable for deliberate indifference. This motion is GRANTED in part and RESERVED in part. At the final pretrial conference, Dodd will be given one last opportunity to make a more specific proffer as to other lawsuits or complaints finding that Dr. Syed acted with deliberate indifference under circumstances similar to that here *and* relevant to show motive, intent, preparation, plan, absence of mistake, or lack of accident under Rule 404(b).

### B. Exclude reference to details of other lawsuits against the Wisconsin Department of Corrections or its current or former employees

Similarly, defendant seeks an order excluding reference to details of any other lawsuits against the DOC or its current or former employees, again citing Federal Rule of Evidence 404(b). Dodd responds that if defendant asks the court to question potential jurors about whether they can set aside biases they may have towards the DOC, then he should be able to submit evidence of other lawsuits. Again, Dodd does not explain how evidence of other lawsuits against the DOC or DOC employees could be relevant to his claim against Dr. Syed. *See Manuel v. City of Chi.*, 335 F.3d 592 (7th Cir. 2003) (agreeing that evidence of other instances of discrimination by employer was inadmissible, since the plaintiff's offer of proof was "rather perfunctory," with little probative value in relation to the potential prejudice to defendant and confusion). Nor does Dodd begin to address how such evidence would be relevant for one of the permissible purposes set forth in Rule 404(b) as to Dr. Syed's mental state. Accordingly, this motion in limine is GRANTED.

### C. Exclude evidence of certain Health Service Requests and responses

Next, defendant seeks to exclude evidence of the Health Service Requests and responses between November 1, 2015, and January 1, 2017, on the ground that Dodd failed to meet his obligation to turn them over to defendants during discovery. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). In addition to plaintiff's Rule 26(a) disclosure obligations, defendant

explains that on March 18, 2020, defendant served a request for production of documents on Dodd that specifically requested "copies of all Health Service Requests (HSRs) filed by you between November 1, 2015 and January 1, 2017, as well as, any responses you received to the Health Service Requests (HSRs)." In an accompanying letter, counsel wrote that he understood Dodd had additional records, and thanked him for calling those additional records to their attention. However, Dodd objected to the request for production, writing that the documents would be in his medical file and that he did not want to send counsel his only copies. In response, defense counsel repeated that defendants did *not* have those HSRs and asked Dodd to produce them, indicating that if Dodd submitted a request to Isaac Hart to make copies, he could not be charged a copy fee. Still, defendant represents that Dodd never sent the documents to counsel.

Ordinarily, a party's repeated failure to make relevant documents available for inspection on a timely basis would preclude their affirmative introduction. However, as Dodd correctly points out in opposition to defendant's MIL, he filed those HSRs in opposition to defendant's motion for summary judgment. (*See* dkt. #71-1.) Dodd further represents that he wrote to defense counsel indicating his intent to e-file those HSRs, asking counsel to write back if he agreed to that proposal, and counsel never responded. Dodd further points out that the court did not omit those HSRs from consideration at summary judgment since defendant did not seek to compel them, and in any event, Dodd attested that he submitted the HSRs. (*See* 8/18/20 Order (dkt. #95) 6 n.7, 10 n.9.)

In reply, defendant argues that he was not required to file a motion to compel to have the HSRs excluded, specifically because there is no meet and confer requirement in

5

Rule 37(c). True enough as far as it goes, but defendant ignores that the same rule expressly allows for supplemental disclosures under Rule 26(a) *and*, particularly when a *pro se* plaintiff is involved, fails to explain how he was harmed by Dodd's failure to produce the HSRs sooner. (*See* dkt. #71-1.) Although at summary judgment defendants objected because these HSRs were not previously produced during discovery and because several of the HSRs are illegible, that objection was not effective then, and is even less effective now that defendant has had access to these materials for over five months.

However, defendant makes a better point that the HSRs do not appear relevant. Specifically, Dodd does not suggest that Dr. Syed was aware of the HSRs, received them, or failed to respond to them. Accordingly, accepting that Dodd's supplemental filing of the HSRs renders his initial failure to produce them harmless, the HSRs do not appear admissible on relevance grounds. Absent a showing by Dodd during the final pretrial conference that he has a good faith reason to believe Dr. Syed knew about the HSRs submitted in dkt. #71-1, defendants' motion will be granted. Accordingly, the court RESERVES on this motion.

### D. Allow defense counsel to question Dodd about criminal convictions, pursuant to Federal Rule of Evidence 609(a)(1)(A)

Finally, under Federal Rule of Evidence 609(a)(1)(A), defendant seeks an order allowing him to impeach Dodd during cross-examination with questions about criminal convictions. Specifically, defendant seeks to ask Dodd to affirm the following three convictions: (1) Armed Robbery with Threat of Force, Milwaukee County Circuit Court ("MCCC") Case No. 2002CF4938, from March 18, 2014; (2) Armed Robbery with Threat

of Force, MCCC Case No. 2012CF472, from July 8, 2015; and (3) Theft from a Financial Institution, MCCC Case No. 2013CF3026, October 30, 2019. Each of these three offenses are punishable by imprisonment for more than one year. *See* Wis. Stat. § 943.32(2) (classifying armed robbery with threat of force as a Class C felony, which is punishably by a 40-year maximum term of imprisonment); § 943.81 (classifying theft from a financial institution as a Class H felony, which carries a maximum punishment of 6 years). Moreover, because each conviction occurred within 10 years of his release from confinement for that offense, the title, date and disposition of the offenses are admissible for purposes of impeachment. *See United States v. Lewis*, 641 F.3d 773, 783 (7th Cir. 2011) ("The law in this Circuit is well settled that for purposes of impeachment by prior conviction, it is appropriate to reveal the title, date, and disposition of the offense."). Dodd argues that he should only be impeached with the fact and number of convictions, not the details of the crimes. The court agrees as to the details, but defendant does not plan to provide details of the crimes, just the title of the statute of conviction, which is permissible. Accordingly, this motion is also GRANTED.

II.     **Dodd's submissions**

At the close of defendant's September 2, 2020, filing (dkt. #108), defendant points out that Dodd did not disclose any witnesses or trial exhibits by the August 28, 2020, deadline set by the court, and he asked that the court exclude any untimely disclosed witnesses or exhibits. However, on September 8, 2020, the court received Dodd's pre-trial disclosures (dkt. #110), as well as a response to defendant's most recent submission (dkt.

#109). Then on September 11, Dodd submitted an additional brief explaining his delay (dkt. #114), as well as another exhibit list using the court's form (dkt. #115) and proposed voir dire (dkt. #116). In these filings, Dodd further indicates that the *only* witness he intends to call (presumably other than himself) is defendant Syed, and outlines what appears to be four categories of exhibits he intends to admit.

As an initial matter, Dodd says that his delay was related to GBCI's current COVID-19 outbreak and lockdown, as well as his own sickness after contracting COVID-19. In particular, Dodd explains that since August 17, GBCI has been operating under extremely restrictive procedures, which includes what appears to be limited or no access to the law library. Dodd also attached the memorandum sent out by GBCI outlining the lockdown procedures. That memorandum does not state how prisoners are to submit documents for e-filing during this time, and it indicates that all law library time has been suspended, suggesting that prisoners' ability to submit documents for e-filings has been affected during this period, if not precluded altogether. (*See* dkt. #114-1.) Making matters even more challenging for Dodd is his own positive test for COVID-19 on August 11, 2020, requiring he was placed in a "sick cell" for two-and-a-half weeks and limiting his access to his property. Dodd further represents that he was extremely sick during that same time period, and has only been out of the sick cell for about a week.

While the court is concerned that Dodd did not raise his personal challenges earlier -- especially because Dodd was able to submit certain filings while he was sick -- *and* that he affirmatively represented on August 27 that there was no reason to believe that the lawsuit could not proceed, to defendant's credit, he responded to Dodd's most recent filings

(dkt. #118), and the court will allow him to call Dr. Syed as an adverse witness and has considered his other pre-trial submissions as discussed below.

**II. Issued Raised with Respect to Voir Dire, Jury Instructions and Special Verdict**

In advance of circulating the court's proposed voir dire, jury instructions and special verdict form, the court will address a few objections to defendant's submissions. As an initial matter, Dodd questions one of defendant's proposed voir dire, which informs the jury that Dr. Syed was employed by the DOC. (*See* dkt. #140.) Dodd says that including this statement is contradictory to defendant's proposed instructions, since there is no instruction requiring the jury to find that Syed was acting under color of state law. However, asking questions about potential bias is different from instructing the jury on the matters it must decide. Since Syed's employment by the DOC will inevitably come out in testimony, an inquiry into the potential for bias in appropriate of jury panel members.

Dodd also objects to a number of defendant's proposed jury instructions. First, he objects to the Fed. Civ. J.I. for the 7th Circ. § 1.31, asking the jury not to consider damages if it does not find liability, arguing that the jury should receive instruction on damages. Although the court will not include this as a stand-alone instruction, it will be imbedded in the court's instructions, as well as in the special verdict form. This instruction is appropriate because it informs the jury that if it does not find Dr. Syed liable, the jury cannot award Dodd damages in this case. Therefore, Dodd's objection is overruled.

Second, Dodd objects to the instruction that the Wisconsin Department of Corrections ("DOC") is not a party to the lawsuit, but that is an accurate statement, since

Dr. Syed is sued in his individual capacity. Notwithstanding that request, Dodd also appears to want assurance that the jury *will* learn of Dr. Syed's employment by the DOC. But he cannot have one without the other given that Dodd's claim in this lawsuit is against Dr. Syed alone, making it important to instruct the jury that the DOC is not a party. Accordingly, this objection is overruled.

Third, Dodd objects to the "personal involvement" jury instruction, asking the instruction be modified to add that Dr. Syed was in charge of the "overall treatment of the plaintiff." As defendant points out, however, the law only permits Syed to be held liable for his *own* acts and omissions, not those of others. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2011). Of course, to the extent Dodd can persuade the jury that Syed's responsibilities included supervising others, he may be entitled to argue that Dr. Syed personally failed to adequately supervise individuals under his charge, that as a result those individuals violated Dodd's constitutional rights, that Dr. Syed knew about those violations, and that he failed to take corrective action. *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("for a supervisor to be liable, they must be 'personally responsible for the deprivation of the constitutional right'")). In particular, to establish personal involvement, plaintiff will still need to show that Dr. Syed knew "'about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see.'" *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)). At this point, Dodd has not come forward with such evidence, and unless he can make a proffer of the evidence he intends to introduce during the final pretrial videoconference,

10

he is likely to be precluded from making such an argument at trial.

Finally, Dodd objects to defendant's proposed modification to Fed. Civ. J.I. of the 7th Cir. § 7.27, which notes that a finding of "nominal damages" means the entry of $1.00 for compensatory damages at trial. Instead, Dodd would like to include language providing examples of other jury verdicts. While the entry of damages at $1.00 provides guidance to the jury about how to value *nominal* damages, Dodd will be free to argue to the extent the evidence at trial would support it for a larger compensatory damage award. Accordingly, this objection is overruled.

## IV. Exhibits

Defendant submitted an exhibit list (dkt. #102), as did Dodd (dkt. ##110, 115). Defendant lists one exhibit, 501, which is a portion of Dodd's certified medical records (*see* dkt. #61-1). This exhibit is some 65 pages long. In advance of the final pretrial conference, defendant should designate what pages he actually intends to introduce at trial, since it appears unlikely that the entirety of that exhibit will be relevant and otherwise inadmissible.

Dodd's exhibit list is confusing, but it appears he seeks to admit four types of exhibits: (1) Health Services Requests ("HSRs") from various dates, labeled Exhibits 1-30; (2) "334 ICE complaints," labeled Exhibit 37; (3) Dr. Syed's responses to Dodd's discovery requests, labeled Exhibits 32, 33, 34, 35, 36, 38, 39; and (4) the parties proposed findings

of fact and responses, labeled Exhibits 40, 41, 42. (*See* dkt. #115.)[1] The court notes the following issues with these proposed exhibits.

Starting with Dodd's HSRs, it appears that he is referring to the HSRs he attached to his declaration in opposition to defendant's motion for summary judgment (*see* dkt. #71-1). The court addressed the admissibility of these HSRs above in discussing one of defendant's motion in limine. Again, while the court is not particularly concerned that Dodd failed to turn them over to defendant sooner than five months ago, the court is concerned about the relevance of these HSRs. Indeed, Dodd lists himself as the only witness with respect to these HSRs. Unless Dodd can make a good faith showing that Dr. Syed had reason to know about the individual HSR at issue, Dodd may not offer it into evidence.

As for the "inmate complaint" category of exhibits, it appears that Dodd refers to "DOC-088," a document listing the inmate complaints involving Syed. (Dkt. #85-4, at 1-14.) Since the court has concluded that Dodd may not submit evidence of the number of lawsuits or inmate complaints filed against Dr. Syed, it is likely this exhibit will also be excluded.

Next, Dodd provides no details about the length or relevance of defendant's discovery responses that he actually intends to offer against Syed. Although Syed's sworn responses to discovery requests are generally admissible against him as statement of a party opponent under Fed. R. Evid. 801(d)(2)(A), the court will not admit unnecessarily

---

[1] Dodd also described his exhibits in an earlier filing (dkt. #110). However, the court will use his most recent submission as the operative exhibit list, which can only be supplemented further for good cause shown.

cumulative or irrelevant statements.  As such, Dodd will be required to submit to the court the *specific* discovery responses he intends to offer as evidence against defendant.  If Dodd has already filed all the discovery responses he intends to admit as evidence at trial (*see* dkt. ##83-1, 85-2, 85-3), he need only to direct the court to the specific paragraphs and sentences within those docket entries.  If not, he will have to file them as soon as possible.

Finally, it appears that Dodd would like to admit as evidence the parties' proposed findings of fact and responses submitted as to defendant's motion for summary judgment. Although these submissions include citations to potentially admissible evidence, the proposals themselves are not admissible.  Regardless, the current exhibits will be excluded. Should plaintiff still wish to offer specific evidence underlying the proposed findings of fact or responses, he will also need to do so as soon as possible.

ORDER

IT IS ORDERED that:

1) Defendant Dr. Salem Syed's motion in limine (dkt. #98) is GRANTED in part and RESERVED in part as provided above.

2) By September 16, 2020, plaintiff Jason Dodd is DIRECTED to promptly either (a) submit his proposed exhibits to the court or (b) direct the court to the specific parts of existing docket entries.

Entered this 14th day of September, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge